ORIGINAL

# In the United States Court of Federal Claims

No. 18-492
(Filed: April 11, 2018)

FILED

APR 1 1 2018

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| WAYNE R. LUNDBERG, | \* |
| Plaintiff, | \* |
| v. | \* |
| THE UNITED STATES, | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER OF DISMISSAL

On April 2, 2018, Dr. Wayne R. Lundberg, acting *pro se*, filed a complaint in this Court. The complaint alleges that the government violated 31 U.S.C. § 1342[1] by "deliberately refus[ing] to pay (salary) for the expert consulting services of Dr. Lundberg." Compl. ¶ 1. Dr. Lundberg claims that this occurred on "four (4) separate time-frames." Compl. ¶ 3. Dr. Lundberg alleges that the unpaid research for the government occurred in (1) 1992-1994, (2) July 2003, (3) in the summer of 2005, and (4) 2006. Compl. ¶ 3. He claims that, "NONE of the time required to perform the research work itself was paid for," and is entitled to compensation for this work. Compl. ¶ 3 (all capitals in original).

When a complaint is filed *pro se*, the Court holds the pleadings of such plaintiff's to "less stringent standards," *Haines v. Kerner*, 404 U.S. 519, 520 (1972); however, the Court may not extend this leniency to relieve plaintiffs of their jurisdictional burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Knight v. United States*, 65 Fed. App'x 286, 289 (Fed. Cir. 2003). If the Court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. RCFC 12(h)(3).

To establish subject matter jurisdiction and file a claim against the government in this Court, the claim must be filed within six years after it begins to accrue. 28 U.S.C. § 2501. In his complaint, Dr. Lundberg alleges that he was unpaid for his work on four separate occasions:

---

[1] 31 U.S.C. § 1342, a provision of the Anti-Deficiency Act, states in relevant part, "[a]n officer or employee of the United States Government or of the District of Columbia government may not accept voluntary services for either government or employ personal services exceeding that authorized by law except for emergencies involving the safety of human life or the protection of property."

1

1992-1994, July 2003, summer of 2005, and 2006. Even assuming that all of Dr. Lundberg's claims began accruing in 2006, his complaint should have been filed no later than 2012. Dr. Lundberg filed his complaint in 2018 and is six years out of time. Therefore, his complaint was filed outside the statute of limitations and must be **DISMISSED** for lack of jurisdiction.[2]

**IT IS SO ORDERED.**

EDWARD J. DAMICH
Senior Judge

---

[2] In his complaint, Dr. Lundberg also requests legal representation. However, because the Court dismisses his complaint for lack of jurisdiction, his request for legal representation is **DENIED.**